UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

DANNY BLACKMON,  :  CIV. NO. 20-12647 (RMB)
 :
      Petitioner  :
  v.  :  **OPINION**
 :
 :
WARDEN, FCI FORT DIX,  :
 :
      Respondent  :

BUMB, United States District Judge

    This matter comes before the Court upon Petitioner's motion for reconsideration in this proceeding under 28 U.S.C. § 2241. On September 14, 2020, Petitioner Danny Blackmon, a prisoner confined in the Federal Correctional Institution in Fort Dix, New Jersey, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Pet., Dkt. No. 1) alleging that he was unlawfully convicted and sentenced for kidnapping in the United States District Court, Eastern District of North Carolina, Criminal Action Number, 7:03-cr-00077-BO, after having been declared mentally incompetent to stand trial. Petitioner failed to pay the $5 filing pursuant to 28 U.S.C. § 1914(a), and failed to alternatively submit an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP"), pursuant to 28 U.S.C. § 1915(a). Therefore, the Court administratively terminated the action, subject to reopening. (Order, Dkt. No. 3.) Petitioner subsequently paid the filing fee on January 12, 2021.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). "A motion under Rule 59(e) is a 'device to relitigate the original issue' decided by the district court, and used to allege legal error." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quoting Smith v. Evans, 853 F.2d 155, 158-59 (3d Cir. 1988) (citation omitted)).

In the Order administratively terminating this matter, this Court explained that Petitioner had not set forth a basis to challenge his federal conviction and sentence under 28 U.S.C. § 2241, through the saving clause of 28 U.S.C. § 2255(e). (Order, Dkt. No. 3.) The Court directed Petitioner to file an amended petition to establish a basis for jurisdiction. Petitioner did not do so.

On January 21, 2021, Petitioner filed a motion for reconsideration (Dkt. No. 6). In his motion, Petitioner complains that the Court did not issue a notice before recharacterizing his petition as a petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner relies on United States v. Castro, 540 U.S. 375 (2003), where the Supreme Court held that district courts must notify pro se litigants before recharacterizing a motion as a first motion for relief under 28 U.S.C. § 2255. Petitioner claims that he addressed his motion to the Honorable Noel L. Hillman, and he requested the motion to be treated as a motion under 18 U.S.C. § 3582. Petitioner further submits that he is actually innocent, and his petition should be addressed on that basis.

The Court will reopen this matter because Petitioner paid the filing fee. Petitioner, however, has not established jurisdiction for this Court to proceed on his motion, no matter how it is characterized. First, the Court did not recharacterize the motion as a first motion under 28 U.S.C. § 2255, but rather as a petition under 28 U.S.C. § 2241, which, unlike § 2255, does not have a provision barring second or successive petitions. Therefore, Castro, supra, is not relevant, and Petitioner was not entitled to notice.

Second, a federal prisoner may not file a motion under 18 U.S.C. § 3582(c)[1] with any judge of his choosing, such motions must be directed to the prisoner's sentencing court, in Petitioner's case, the Eastern District of North Carolina. Petitioner's motion was randomly assigned within the District of New Jersey and liberally construed by this Court as a petition under 28 U.S.C. § 2241, based on Petitioner's custody within the district, which can provide a basis for jurisdiction.

Third, Petitioner claims actual innocence as a basis for this Court's jurisdiction. While actual innocence is an element required to proceed through the saving clause of § 2255(e), a petitioner must also establish that "'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and [Third Circuit] precedent construing

---

[1] 18 U.S.C. § 3582(c)(1)(A)(i) permits federal prisoners to seek modification of their terms of imprisonment, after exhausting administrative remedies, if they can show extraordinary circumstances that justify relief.

3

an intervening Supreme Court decision" Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting In Re Dorsainvil, 119 F.3d 245, 252 (3d Cir. 1997). Petitioner has not made this showing. Moreover, the Supreme Court has not recognized a freestanding habeas claim for actual innocence. Id. at 183. Therefore, the Court will deny the motion for reconsideration and dismiss the petition for writ of habeas under 28 U.S.C. § 2241 for lack of jurisdiction. This does not preclude Petitioner from bringing a motion under 18 U.S.C. § 3582(c) for modification of his term of imprisonment in his sentencing court.

An appropriate Order follows.

Date: August 6, 2021

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**